UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Harold Correos,<br><br>　　　　　Plaintiff<br><br>　v.<br><br>Western Progressive – Nevada, Inc., et al.,<br><br>　　　　　Defendants | Case No.: 2:23-cv-00593-CDS-EJY<br><br>**Order Denying Plaintiff's Appeal from the Magistrate Judge's Order**<br><br>[ECF No. 10] |

　　　　Pro se plaintiff Harold Correos objects to the order issued by United States Magistrate Judge Elayna J. Youchah on April 23, 2023, denying plaintiff's motions to vacate a foreclosure sale (ECF No. 3) and to dismiss with extreme prejudice the state court claim relating to that sale (ECF No. 4). Correos filed objections to the order, which I liberally construe as an appeal. ECF No. 7. For the reasons set forth herein, I deny Correos' appeal and affirm the magistrate judge's order in full.

I.　**Discussion**

　　　　On May 4, 2023, Correos filed objections to the magistrate judge's order, which I liberally construe[1] as an appeal. ECF No. 7. If a party objects to a non-dispositive pretrial ruling by a magistrate judge, the district court will review or reconsider the ruling under the "clearly erroneous or contrary to law" standard. Fed. R. Civ. P. 72(a); *see also Grimes v. City of San Francisco*, 951 F.2d 236, 240–41 (9th Cir. 1991) (holding that a magistrate judge's order "must be deferred to unless it is 'clearly erroneous or contrary to law'").

　　　　A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. *Security Farms v. Int'l*

---

[1] Courts must liberally construe documents filed by pro se litigants and afford them the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

*Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Comput. Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999). The "'clearly erroneous' standard is significantly deferential." *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993); *Phoenix Eng'g & Supply v. Universal Elec.*, 104 F.3d 1137, 1141 (9th Cir. 1997) (stating that "the clearly erroneous standard allows [for] great deference"). An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United Health Grp. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

Here, Magistrate Judge Youchah denied Correos' motion because none of the named defendants have been served with the complaint (Order, ECF No. 5 at 2), making both of Correos' motions premature. Correos filed timely objections, but even a liberal construction of plaintiff's objections does not demonstrate that the magistrate judge's order was clearly erroneous or contrary to the law. Instead, Correos' filing contains numerous allegations against various parties that seemingly seek the same relief that is set forth in his complaint (ECF No. 1) and in the two motions Judge Youchah denied. Objections to the report and recommendation that do nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarize what has been presented before, are not objections as that term is used in this context. 28 U.S.C. § 636(b)(1). Fundamentally, Correos must serve defendants with his complaint before he may seek relief from the court. Because no summons have been issued and no service has been attempted on any defendant, this court lacks jurisdiction over any purported dispute between the parties.

Finally, while unrelated to my decision to deny Correos' appeal, I remind Correos that although he is appearing pro se, he must still follow this district's local rules and the information set forth in the Advisory Letter sent to him on April 18, 2023. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). In all

future filings, Correos shall be identified as "the plaintiff," not the prosecutor, and defendants should be named as "the defendants," not as "wrongdoers." *See* LR IA 10-2 ("Required format for filed documents.").

II.  Conclusion

IT IS THEREFORE ORDERED that Correos' objection [ECF No. 10] is OVERRULED and Magistrate Judge Youchah's April 27, 2023, order [ECF No. 5] is AFFIRMED.

DATED: May 8, 2023

_____
Cristina D. Silva
United States District Judge