UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Harold Correos,

    Plaintiff

 v.

Western Progressive – Nevada, Inc., *et al.*,

    Defendants

Case No.: 2:23-cv-00593-CDS-EJY

**Order Granting Defendants' Motion to Dismiss**

[ECF No. 14]

  This is another lawsuit brought by pro se plaintiff Harold Correos related to the foreclosure of a piece of real property located at 1830 Del Font Court, Las Vegas, NV 89117.[1] Defendants Western Progressive-Nevada Inc., Ramir M. Hernandez, Wright Finlay & Zak, LLP, Deutsche Bank National Trust Corporation, and PHH Mortgage Corporation successor by merger to Ocwen Loan Servicing, LLC,[2] move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) for lack of subject-matter jurisdiction and for failure to state a claim, respectively. Defendants Michael Chen, Matthew Dayton, Kristin Schuler-Hintz, and altisource[3] filed joinders to the motion. ECF Nos. 19; 21. Correos filed an opposition to the motion (ECF No. 20), to which defendants replied (ECF No. 22). The matter is now fully briefed. For the reasons set forth herein, I grant the defendants' motion to dismiss. Because I find that amendment would be futile, I direct the clerk of court to enter judgment in favor of the defendants and to close this case.

---

[1] A list of the cases brought by Correos related to this property are detailed in the motion to dismiss. ECF No. 14 at 3–4.

[2] These defendants are identified in the complaint as "Ocwen" and "PHH," which defendants contend are erroneous identifications. *See* ECF No. 14 at 1.

[3] Altisource was added by a filing, which I liberally construe as a request to add altisource as a defendant. *See* ECF No. 15.

I.       Legal standard

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that the defendant has acted unlawfully." *Id.* But "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

II.      Discussion

   A.   *I grant defendants' motion to dismiss with prejudice.*

A complaint that is so confused that its "true substance, if any, is well disguised" may be dismissed for failing to comply to satisfy Rule 8 of the Federal Rules of Civil Procedure. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008). Thus, if a complaint provides "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," it cannot survive a motion to dismiss. *Iqbal*, 556 U.S. at 663.

Here, the complaint is difficult to comprehend, making it difficult to discern the claims for relief. In fact, a simple review of the complaint reveals that Correos fails to cite a single statute in support of any claim for relief. *See generally* ECF No. 1. The only authority contained in the complaint is the Nevada State Constitution. *Id.* at 1. The face of the complaint neither presents a federal question nor demonstrates diversity jurisdiction. I therefore lack subject matter jurisdiction over this action and dismiss this case accordingly. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (to establish jurisdiction, a federal question must be "presented on the face of the plaintiff's properly pleaded complaint") (citation and internal quotation marks omitted).

Even if I somehow had jurisdiction over this action, the complaint would nonetheless be dismissed for Correos' failure to state a claim. Because Correos is pro se, his complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). I thus liberally construe the complaint as required by law, together with his opposition to the motion to dismiss, to identify that Correos seeks relief for claims based in criminal, not civil action. *See* ECF No. 20 at 2–3 (citing title 18 offenses and plaintiff referring to himself as a prosecutor[4]). But criminal provisions provide no basis for civil liability. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Coats v. L.A. Police Dep't*, No. 019 WL 266967, at *1 n.3 (C.D. Cal. Jan. 18, 2019) ("Private individuals generally may not prosecute others for alleged crimes, and the Supreme Court has not inferred a private right of action from the existence of a criminal statute."). The opposition also cites to Title 15 and the Civil Rights Act of 1964, but fails to provide any argument showing their relation to the complaint for any potential claim for relief. *Id.* at 3. Accordingly, Correos states no valid claim for relief and his complaint must be dismissed.

---

[4] Correos was cautioned not to refer to himself as the prosecutor and the defendants as "wrong doers" in a prior order. ECF No. 13 at 2–3. Correos disregarded this court's order in his response to this order. *See* ECF No. 20 at 1.

### B. I deny Correos leave to amend his complaint.

The Ninth Circuit has long held that leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Fed. R. Civ. P. 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178 (1962). I decline to grant Correos leave to amend. While his complaint represents his first attempt to obtain relief from the underlying state court foreclosure in this court, it wholly fails to advance a plausible claim for relief.

### C. I deny defendants' motion for an order prospectively expunging any lis pendens.

Defendants also move for an order expunging any lis pendens Correos records against the subject property in this case, so as to prevent Correos from doing so after the filing of this motion. ECF No. 14 at 9. According to defendants, Correos has filed a lis pendens on the Property, but it has not yet been recorded. But Article III of the U.S. Constitution's "case or controversy" requirement "restricts the authority of federal courts to resolving the legal rights of litigants in actual controversies." *Genesis Healthcare Corp. v. Symcyzk*, 133 S.Ct. 1523, 1528 (2013). Thus, for a federal court to have subject matter jurisdiction, there must be a "live" controversy for the court to adjudicate. *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Because the lis pendens has not yet been recorded, there is no "live" controversy for this court to resolve; nor can this court grant relief for a claim that does not yet exist. Accordingly, the defendants' request is denied without prejudice.

III.   Conclusion

IT IS THEREFORE ORDERED that the defendants' motion to dismiss [ECF No. 14] is GRANTED. The Clerk of Court is instructed to enter judgment accordingly and CLOSE THIS CASE.

DATED: June 7, 2023

_____
Cristina D. Silva
United States District Judge